Sibley, J.
This case comes up by a petition in error, seeking to re *562 verse the judgment of the common pleas. The facts are not in dispute. As set out in the record, they really present but a single question, which is, whether what is known as “Yaggy Geographical Cabinets” are covered bv the provisions of section 3987, or by those of 3995, Revised Statutes. If within the former, the plaintiff in error is admit-, tedly entitled to recover, and the judgment below must be reversed; otherwise, it should be affirmed,
By the agreed statement of facts, embodied in the bill of exceptions, these cabinets are described as follows:
“Each consists of a cylinder or box of wood or cloth-covered straw-board with hooks to fasten it to the wall; that inside of such box are a number of charts or maps, upon spring rollers, so arranged that when said charts or maps are rolled up, and not in use, they are protected from the dust and light, by said cylinder or box; that said charts or maps are colored drawings, of different natural and political divisions of the earth’s surface.”
A cabinet, attached to and made part of the bill, shows this description to be substantially accurate; that the charts are ordinary geographical maps, larger than those in books or atlases; that the box, springs, etc.,are devices designed, first, to protect the maps, and, second, to render their use more convenient to pupils and teachers.
We are clear that there is no conflict between sections 3987, and 3995. Each has its distinct field of operation, in entire harmony with the other. (Dunn v. Freed, 10 Cir. Ct. 294.) Difficulty arises only when it is sought to apply them to a particular group of facts — in discriminating the different classes of apparatus to which these sections respectively relate.
The case just cited decides that Kenedy’s Mathematical blocks are a “special apparatus for the demonstration of a special branch of education,” and so within section 3995; and the supreme court has held that Andrews’ Tellurian *563 Globes fall into the same category, the record admitting that they áre apparatus intended for the demonstration of certain branches of education taught in township schools. (Board of Ed. v. Andrews, 51 Ohio St., 199.) These are the only adjudications upon the sections in question, and were they in no sense authority for us, would have our entire approval. Neither, however, seems to reach this case, and we therefore are left to decide it in the light of such an analysis of the statute and facts, as may appear to be sound.
That this “cabinet”, or round box, with rollers, springs, and to which the maps are attached, is an apparatus, is unquestionable. So, too, are the charts themselves. Each is a means to some end, which,according to the lexicographers, is sufficient to stamp them with that general character. But so are stoves to heat a school room and seats for the pupils who come there. Yet these latter, all will agree we apprehend, come under section 3987. To bring an appliance of this nature within section 3995, something beyond the mere fact that it is an apparatus is required. It must in addition be a “philosophical or other apparatus for the demonstration” of some, branch of education taught in a district school. This is clear by the express terms of the statute. How, then, stands the case with respect to this cabinet? That neither as to the box*. with its machinery, or the maps belonging thereto, it is a philosophical apparatus, is too apparent for argument. Even before the older division of phenomena, included in “natural philosophy”, was merged into what now is covered by the term “physics”, it could not be thus regarded, for the reason that this apparatus, so far as it relates to any branch of knowledge, refers to geography, which then was a.separate field of learning. Moreover, as respects the cylinder, rollers, and springs, that they contain nothing, in whole, .or as parts, for the de *564 monstration of any branch of education, is equally clear. Manifestly not designed for such purposes, they cannot so be used. The only question left then is in reference to the charts or maps. Oan they properly be regarded as a device for the “demonstration” of geographical knowledge, to which, from their nature, they have some relation. We think not. What are these colored papers, indeed, but imperfect pictures used to aid the imagination in forming some idea of the natural and political divisions of the earth? When thus made, or if drawn more rudely upon a blackboard, by teacher or pupil, can it be said that they either prove or carry in them the slightest evidence for the truth of any fact so pictured? Whether or not such facts exist obviously must be shown, if at all, by other means. Hence, while illustratively aiding the mind in forming a conception of things otherwise established as true, and thus serving a useful purpose in education, like any other imaginary picture in relation thereto, they do not demonstrate the truths of geography. For demonstration, in the sense used in section 3995, must, as we conceive, be held to mean some degree of proof. One example of its import is the dissection of an animal body, with appropriate explanation. There, the actual facts are exhibited to the eye, and so seen to be such.
Opened thus, to direct observation, they are said to be demonstrated. But is it not evident that an anatomical chart, which merely pictures the same facts, though very accurately, would not be evidence of them — could not therefore be a demonstration of that branch of knowledge? In this respect, charts and maps of the kinds referred to, differ from blocks which can be used to prove a mathematical truth, and from Tellurian Globes, so constructed as when operated, to represent the relative motions of the earth and moon with respect to each other and the sun, and explain the various natural phenomena caused by such motions. The *565 latter apparatus, by affording an explanation of what would result from the movements of heavenly bodies, furnishes in itself a known scientific method of proving the truth of •teaching upon that point — is therefore a mode of its demonstration. Argument hardly seems necessary to show that looking at or memorizing a geographical map, can have no such force or effect as respects geographical truths. In other words, it neither does, nor can be made to prove, and consequently can not in any admissible sense be said to demonstrate a fact which it pictures. '
Albert Douglas, for Plaintiff in Error.
L. B. Yaple and John C. Entrekin, for Defendant in Error-
With this view of the matter, then, we feel constrained to, say that these cabinets are not “apparatus” of the kind contemplated by section 8995,but fall within the furnishings which for common use in school houses, by pupils and teachers, may properly be provided- by boards of education. It follows, of course, that the judgment below must be reversed.